UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:01 CR 98 |
| | ) | |
| SEANTAI SUGGS | ) | |

## OPINION AND ORDER

Defendant Seantai Suggs requested appointed counsel to assist him in obtaining a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), as a result of Amendment 750 to the United States Sentencing Guidelines. (DE # 1222.) The court granted defendant's request, and instructed appointed counsel to file a motion to withdraw if he or she found a motion under § 3582 to be inappropriate in defendant's case. (DE # 1241.) Defendant's appointed counsel has since moved to withdraw. (DE # 1337.) Defendant has filed two pro se briefs in support of his argument that he is eligible for a reduced sentence. (DE ## 1323, 1345.)

Defendant was convicted at trial of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. At the time of defendant's original sentencing, his guideline offense level was found to be 43, and criminal history category I, which corresponded to a guideline range of life imprisonment. The court sentenced defendant to a life term. The original presentence report ("PSR") used when defendant was sentenced concluded that he was responsible for the distribution of more than 16 kilograms of crack cocaine and 36 kilograms of marijuana. At the time of his sentencing, the sentencing guidelines set a quantity of 1.5 kilograms of crack cocaine as the threshold for the maximum base

offense level of 38. *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1) (2003). Defendant's adjusted offense level was 43 as the result of a two-level enhancement for firearms possession and a three-level enhancement for his role in the offense.

Defendant moved for a reduced sentence in 2009 after the United States Sentencing Commission promulgated Amendment 706, which, generally speaking, lowered the sentencing range for offenses involving cocaine base by two levels. (DE # 1129.) After that amendment, the threshold for the maximum base offense level of 38 was 4.5 kilograms of cocaine base. *See, e.g.*, U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1) (2010). The court denied defendant's motion after concluding that it had already made a factual finding at defendant's original sentencing that defendant was responsible for over 16 kilograms of crack. (DE # 1208 at 3-4 ("Thus, the court has already made an explicit finding attributing over 16 kilograms of crack cocaine to Mr. Suggs as a foreseeable quantity involved in his distribution conspiracy.")) Defendant appealed the denial of his § 3582 motion under Amendment 706, and the United States Court of Appeals for the Seventh Circuit affirmed this court's decision. (DE # 1320); *see also United States v. Davis,* 682 F.3d 596, 614-16 (7th Cir. 2012).

Defendant has now moved for a sentence reduction under Amendment 750. (DE # 1323.) Amendment 750 raised the threshold for the maximum base offense level of 38 to 8.4 kilograms of cocaine base. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1) (2011). The court is authorized to reduce a sentence only when a defendant's sentence is "based on a sentencing range that has subsequently been

lowered by the Sentencing Commission" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant policy statement here provides: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B) (2011).

Defendant's appointed counsel moved to withdraw after concluding that Amendment 750 did not impact defendant's sentence. (DE ## 1336, 1337.) Specifically, defendant's appointed counsel noted that because the court "has already determined [defendant's] relevant conduct to be well in excess of 8.4 kilograms of crack cocaine, the November 2010 crack amendments have no effect on [defendant's] guidelines range . . . ." (DE # 1336.)[1]

In his own motion for a reduced sentence (DE # 1323), and a supplement to that motion (DE # 1345), defendant makes several arguments as to why he is eligible for a reduction. Defendant spends the majority of both briefs arguing that the court should hold a hearing to determine the amount of powder cocaine the conspiracy actually cooked into crack cocaine. Defendant argues that the conspiracy was selling large

---

[1] The court ordered the United States Probation Office to prepare an addendum to defendant's PSR outlining whether Amendment 750 applies to defendant. (DE # 1241.) The probation office concluded that defendant was responsible for distributing 16.91 kilograms of crack, and Amendment 750 therefore did not apply to defendant. (DE # 1245.)

3

quantities of powder cocaine, and therefore, the amount of crack cocaine he was held responsible for should be reduced. (DE # 1323 at 4-9; DE # 1345 at 2-5.)

Defendant made a similar argument at his original sentencing. Defendant specifically objected to paragraph 21 of the PSR (*see* Second Addendum to the PSR, DE # 1245-1 at 22), which stated: "Therefore, for sentencing purposes the defendant can be held responsible for the distribution of at least 16.91 kilograms of crack cocaine . . . ." (PSR at 7, DE # 1245-1 at 8.) In his objection to that paragraph, defendant's counsel stated:

> The defendant objects to the drug types and amounts attributed to him in paragraph 21, 30 and the corresponding offense level listed in paragraph 31 of the PSR. The burden is on the government and the government has not proved with sufficient credible evidence that 19.8 kilograms of "crack" cocaine was both reasonably foreseeable to him and within the scope of his agreement in the illegal activity. The estimate is based on the statement of Unzueta, a cooperating co-participant in the offense, who is merely making an estimate. There are no records or documentation to corroborate his estimates. Further, the estimate is not even time specific. The PSI contains no information about when or where the alleged deliveries of powder cocaine occurred. Additionally, despite the fact that the estimate is of powder cocaine, the government has simply converted the entire amount of powder cocaine estimated by Unzueta and converted to "crack" cocaine equivalents. This estimate is no more reliable than if it had been picked out of thin air. Even more absurd is the fact the entire estimated amount of "crack" cocaine was attributed to the defendant. Therefore, the defendant submits that the drug amount and type estimates included in the PSI should be eliminated.

(DE # 1245-1 at 22.)

At his sentencing, the court overruled defendant's objection to that section of the

PSR, and adopted the position of the government and the probation office:[2]

> As to the probation officer's calculations and as to the drug type, and that's the contents of paragraphs 21, 30[,] and 31 found at pages 7 and 9 of the presentence report, this was a conspiracy, very complex conspiracy that lasted over a long period of time.
>
> And it's reasonably foreseeable that this defendant should be held responsible for far in excess of 1.5 kilograms of crack cocaine.
>
> So, the Court rejects the position of the Defendant and adopts the Government and the probation office's position as to the type of the drug and as to the quantity that was attributable to this Defendant as being reasonably foreseeable to him.

(Tr. of December 10, 2002, sentencing hearing at 37-38.)[3]

Thus, the court adopted the PSR, which concluded that defendant was responsible for 16.91 kilograms of crack. As discussed in its order denying defendant's motion for a reduced sentence under Amendment 706, this amounted to a factual finding at defendant's original sentencing that defendant was responsible for 16.91 kilograms of crack. (DE # 1208 at 3-4.) Because the court made this finding at defendant's original sentencing, he cannot challenge it in a § 3582(c)(2) proceeding, as that statute does not authorize the court to conduct a full resentencing. *See United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010); *see also United States v. Jackson*, 480 F. App'x 856,

---

[2] In the Second Addendum to the PSR, the probation office again concluded that defendant could be held responsible for 16.91 kilograms of crack: "As reiterated by the government and proven at trial, the evidence, in the form of recovered drugs and witness testimony, shows the defendant can be held responsible for *no less than* 16.91 kilograms of crack cocaine . . . ." (DE # 1245-1 at 23 (emphasis added).)

[3] Defendant appealed his conviction, but not his sentence. *United States v. Suggs*, 374 F.3d 508 (7th Cir. 2004).

857 (7th Cir. 2012) ("§ 3582 does not authorize a full resentencing."); *United States v. Gregory*, 334 F. App'x 769, 769 (7th Cir. 2009) ("§ 3582(c)(2) does not authorize a full resentencing.").

Defendant's argument that the court should reconsider the amount of crack that defendant is responsible for stems from the Seventh Circuit's opinion affirming this court's denial of defendant's motion for a reduced sentence under Amendment 706. (*See* DE # 1323 at 8.) In that opinion, the Seventh Circuit noted that defendant bears the burden of showing the PSR is unreliable in a § 3582(c)(2) proceeding. *Davis,* 682 F.3d at 616. That language from the Seventh Circuit's opinion, however, came after the Seventh Circuit accepted for purposes of analysis defendant's argument that this court had not already made a factual finding of 16.91 kilograms at defendant's original sentencing but instead made a new finding in addressing his § 3582 motion. As discussed above, however, what this court held when addressing defendant's previous § 3582 motion was that it had "already made an explicit finding attributing over 16 kilograms of crack cocaine to Mr. Suggs as a foreseeable quantity involved in his distribution conspiracy." (DE # 1208 at 3-4.) Although the Seventh Circuit's analysis was based on an alternative assumption, it did not suggest that this court's holding was erroneous. To the contrary, the Seventh Circuit stated: "There was substantial evidence in Seantai's PSR from which the district court could find that Seantai was responsible for 16.91 kilograms of crack

cocaine." *Davis,* 682 F.3d at 615.[4]

A recent Seventh Circuit decision is instructive on this issue. Benjamin Johnson, a co-defendant in this case, moved for a reduced sentence under Amendment 750. (DE # 1280.) The court denied that motion after concluding that it had already made a factual finding at sentencing that Mr. Johnson was responsible for 16.91 kilograms of crack. (DE # 1288.) Mr. Johnson appealed, and the Seventh Circuit affirmed this court's decision. (DE # 1332); *see also United States v. Johnson*, 484 F. App'x 68, 69 (7th Cir. 2012). In that order, the Seventh Circuit stated:

> The district court found Johnson responsible for approximately 17 kilograms. This meant that his sentencing range has not been reduced, and that

---

[4] In the court's order denying defendant's motion under Amendment 706, the court stated:

> In the present case, as already noted, the original PSR found that Mr. Suggs was responsible for over 16 kilograms of crack cocaine. Although he objected to that quantity, at the time of his sentencing he stood on his objection without offering any evidence to support a different quantity finding. (Tr. of December 10, 2002, sentencing hearing at 7.) Moreover, although Mr. Suggs' quotation of the court's "far in excess of 1.5" comment is accurate, the court immediately followed its comment by stating:
>
> > So, the court rejects the position of the Defendant and adopts the Government and the probation office's position as to the type of the drug and as to the quantity that was attributable to this Defendant as being reasonably foreseeable to him. (*Id.* at 38.)
>
> Thus, the court has already made an explicit finding attributing over 16 kilograms of crack cocaine to Mr. Suggs as a foreseeable quantity involved in his distribution conspiracy.

(DE # 1208 at 3-4.)

7

> § 3582(c)(2) does not permit the district judge to lower his sentence. See *United States v. Davis,* 682 F.3d 596 (7th Cir. 2012) (holding that six of Johnson's co-conspirators are not entitled to reductions under § 3582(c)(2)). What we said in *Davis* is equally applicable here, given the district court's quantity finding. *(Johnson appears to believe that he can relitigate that subject as part of a motion under § 3582(c)(2), but the Supreme Court held in Dillon v. United States, --- U.S. ----, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010), that this statute does not authorize full resentencing. The district court takes as given findings made when imposing the original sentence and asks only whether the Sentencing Commission has changed the applicable range.)*

*Id.* at 69-70 (emphasis added); *see also United States v. Jackson*, 573 F.3d 398, 400 (7th Cir. 2009) ("[Defendant] seeks to use a Section 3582(c) motion as an opportunity to challenge the appropriateness of the original sentence; he cannot do so.").[5]

Under the current guidelines, the 16.91 kilograms of crack that defendant is responsible for results in a base offense level of 38, and a total offense level of 43 (including the two-level enhancement for firearms possession and three-level enhancement for his role in the offense). U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1); *see also* 2012 PSR Addendum at 2-3 (DE # 1245). A total offense level of 43 combined with a criminal history of I results in a guideline range of life in prison. Thus, defendant's applicable guideline range has not changed. His guideline range under Amendment 750 remains, as it was under Amendment 706, life in prison. Because

---

[5] Defendant cites *United States v. Stott* in support of his argument. *United States v. Stott*, 245 F.3d 890 (7th Cir. 2001), *amended on rehearing in part*, 15 F. App'x 355 (7th Cir. 2001). In that case, the Seventh Circuit remanded a case for resentencing after it concluded that the district court failed to ascertain the powder to crack conversion ratio to determine the amount of crack that was foreseeable to the defendant. *Id.* at 910-12. The defendant in that case, however, was appealing his conviction and sentence. *Id.* at 895. That case did not involve a § 3582(c)(2) motion.

defendant's guideline range has not been lowered, he does not qualify for a reduction. *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010).

Defendant makes several other arguments in his briefs. First, defendant argues that he should be granted a sentence reduction because some of his co-conspirators have been granted sentence reductions. (DE # 1323 at 2.) Although it is true that some other defendants in this conspiracy received reductions, the defendants who qualified were not found to be responsible for the amount of crack that defendant was determined to be responsible for: 16.91 kilograms of crack. That amount of crack makes defendant ineligible for a reduction under 18 U.S.C. § 3582(c)(2), and the court lacks authority to reduce his sentence.

Defendant next argues that his sentence is invalid under *United States v. Booker*, 543 U.S. 220 (2005) and *DePierre v. United States,* 131 S. Ct. 2225 (2011). This argument fails because it exceeds the scope of the current proceeding. *See Dillon v. United States,* --- U.S. ----, 130 S.Ct. 2683, 2692 (2010) ("Given the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in *Booker*."); *see also United States v. Palmer*, No. 12–2176, 2013 WL 819541, at *1 (7th Cir. Mar. 5, 2013) ("Nor does § 3582(c)(2) authorize the district court to conduct a full resentencing or consider other claims of error in the proceedings."); *United States v. Lake*, No. 12–1409, 2013 WL 647295, at * 2 (7th Cir. Feb. 22, 2013) ("[Defendant] also maintains that it was unconstitutional for the district court to make any drug-quantity finding at sentencing because the amounts were neither found by a

jury nor admitted in his plea. To the extent [defendant] seeks to challenge the drug quantity attributable to him for sentencing purposes, that issue is beyond the scope of a § 3582(c)(2) proceeding."); *Jackson*, 573 F.3d at 400 ("[Defendant] seeks to use a Section 3582(c) motion as an opportunity to challenge the appropriateness of the original sentence; he cannot do so.").

In his supplement to his motion for a reduced sentence, defendant makes additional arguments about his role in the conspiracy and the amount of crack cocaine that he should be found responsible for. (DE # 1345 at 4-8.) Those issues, however, are also beyond the scope of this proceeding, as defendant is not entitled to a full resentencing. *Gregory*, 334 F. App'x at 769 ("§ 3582(c)(2) does not authorize a full resentencing."); *see also Jackson*, 573 F.3d at 400 ("[Defendant] seeks to use a Section 3582(c) motion as an opportunity to challenge the appropriateness of the original sentence; he cannot do so.").

In sum, defendant is not eligible for relief under Amendment 750, and his motion for a reduced sentence is therefore **DENIED**. (DE # 1323.) Defendant's appointed counsel's motion to withdraw is **GRANTED**. (DE # 1337.) Defendant's motion for recusal of counsel is **DENIED AS MOOT**. (DE # 1344.)

                **SO ORDERED.**

Date: April 12, 2013

                s/James T. Moody
                JUDGE JAMES T. MOODY
                UNITED STATES DISTRICT COURT